

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:04-CV-2313-K |
| CALVARY TEMPLE OF IRVING, INC., et al., | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motion for Summary Judgment and Defendant Calvary Temple's ("Calvary Temple") Motion for Summary Judgment. The Court **DENIES** both motions. Neither party is entitled to relief on these motions as the essential facts in this case are not developed.

Plaintiff contends its indemnity obligation is limited to $500,000 each for John Doe I and John Doe II because there was only one occurrence of negligent supervision, meaning the policies cannot be stacked to multiply liability coverage. Defendant contends Plaintiff's indemnity obligation is $1.5 million each for John Doe I and John Doe II because there were discrete occurrences within each policy period, so Plaintiff's liability under each policy is triggered.

The facts of the underlying case involving the sexually molestation of the two minor Defendants, John Doe I and John Doe II, by Tim Renshaw are fairly well-

ORDER – PAGE 1

developed in the pleadings on file with the Court. However, the "occurrence" at issue is not the actual sexual molestation of the boys by Renshaw, but rather their repeated exposure over the years to the negligently supervised Renshaw. *See H.E. Butt Grocery Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 150 F.3d 526, 533 (5th Cir. 1998); *Lee v. Interstate Fir & Cas. Co.*, 86 F.3d 101, 103-105 (7th Cir. 1996). The Court has little, if any, factual background relating to Calvary Temple's alleged negligent supervision of Renshaw; for example, what, if anything, did Calvary Temple know of Renshaw's deviant proclivities before he became involved in the church program; did it receive warnings from church members of similar conduct; and, when, if at all, did Calvary Temple learn of Renshaw's behavior in these minors. The Court considers these facts to be key in determining Plaintiff's liability. *See id.* ("If . . . a diocese receives multiple warnings about a priest's misconduct and ignores all of them, it would be appropriate to call those lapses multiple occurrences–for intervention after any one of them could have avoided some of the injury. But if instead the diocese receives no danger signals, and its negligence lies in failure to investigate on its own. . ., or if the diocese intervenes but takes action that in retrospect is inadequate, then the lapse looks more like a single occurrence under the policy's definition.")

Plaintiff argues *Am. Physicians Ins. Exch. v. Garcia* is on point and dispositive. 876 S.W.2d 842 (Tex. 1994). The Court does not agree. In addressing the parties duty to settle, the Texas Supreme Court in *APIE* held that consecutive, non-overlapping policies cannot be stacked to increase coverage "for a single claim involving indivisible injury."

ORDER – PAGE 2

*Id.* at 853. The court did not, however, explain how it arrived at the conclusion the underlying medical malpractice case involved "a single claim involving indivisible injury." Because of the complete lack of analysis regarding the nature of the claim, this Court tends to believe the *APIE* court must have been agreeing with a finding of the trial court. The difficulty this poses is that this Court is without the benefit of the *APIE* courts' analysis in arriving at this conclusion and what "a single claim involving indivisible injury" means. The same questions that plague this Court in the instant case are also raised in *APIE*–highly relevant facts are lacking, such as when the doctor prescribed the two drugs, when he received notice of adverse side effects, and whether he attempted to take any remedial steps.

The Court does not know what, if anything, Calvary Temple knew about Tim Renshaw's behavior, and when it might have learned this information. Consequently, because the Court concludes there are genuine issues of material fact that remain, both parties' motions for summary judgment are DENIED without prejudice to refiling.

**SO ORDERED.**

Signed June \_\_\_7th\_\_\_, 2005.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 3